Filed 3/15/21  P. v. Bustos CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091420 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE013378) |
| v. | |
| RAYMOND BUSTOS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Raymond Bustos has asked this court to review the record to determine whether there exist any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Our review of the record has disclosed the trial court's failure to pronounce a sentence for a count that the court stayed pursuant to Penal Code section 654.  We will remand for the limited purpose of correcting this error and otherwise affirm the judgment.

1

# I

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

The People's information charged defendant with evading a peace officer with willful or wanton disregard for public safety (Veh. Code, § 2800.2, subd. (a); count one) and fleeing from a peace officer against oncoming traffic (Veh. Code, § 2800.4; count two).  The information further alleged defendant was out on bail when these offenses were committed (Pen. Code, § 12022.1).

The substantive counts were tried to a jury.  The People presented the testimony of Detective Lawrence Stafford that he and other officers encountered a white Dodge Charger resembling a car that had been involved in a shooting a few days earlier.  The officers, who were dressed in tactical vests with "Sheriff" on the front, made a U-turn in their unmarked grey Ford Taurus to follow the Charger.  The Charger reacted by rapidly accelerating to 80 miles per hour on Franklin Blvd.[1]  When they reached the onramp to Highway 99, the officers activated the flashing blue and red lights, wigwag strobe headlights, and siren.  They pursued the Charger, which traveled speeds in excess of 100 miles per hour while weaving in and out of traffic.  When defendant went to exit the highway, he cut across multiple lanes of traffic going approximately 80 miles per hour, nearly striking another vehicle.  Once off the freeway, the Charger again swerved in and out of traffic, traveling at speeds of up to 60 to 80 miles per hour.[2]  At one point, the Charger traveled in the center turn lane and partially cut into oncoming traffic.  Finally, the Charger pulled over, and both defendant and his passenger were taken into custody.  The parties stipulated that defendant had a suspended license at the time of the offense.

---

[1]  The speed limit on Franklin Blvd. was 40 or 45 miles per hour.

[2]  The speed limit on this stretch of road was 40 miles per hour.

The jury convicted defendant of both counts. Following a bifurcated court trial, the court determined the bail enhancement was true.

Defendant was sentenced in this matter and case No. 18FE007805 (the trailing case) on January 10, 2020. The court sentenced defendant to an aggregate prison term of eight years eight months. In so doing, the court set the principal term as three years for a violation of Health and Safety Code section 11352 from the trailing case with three years concurrent for another violation of the same code section, plus a consecutive term of three years for the Penal Code section 12022, subdivision (c) enhancement. The court then added a consecutive term of eight months for the Vehicle Code section 2800.2 violation plus two years consecutive for the bail enhancement. The court failed to impose a term for the count two Vehicle Code section 2800.4 conviction and stayed sentence on that count under Penal Code section 654.

The court also imposed a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)) in each case with matching suspended $300 parole revocation restitution fines. The court further imposed four $40 court security fees (Pen. Code, § 1465.8) and four $30 conviction assessment fees (Gov. Code, § 70373) and waived all further fines and fees. The court awarded 557 days actual credit plus 556 days conduct credit for the trailing case plus two days actual custody credits in the instant matter.

Defendant timely appealed.

## II

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief, but to date has not done so.

Our review of the record has revealed that the trial court failed to impose a sentence for defendant's conviction for a violation of Vehicle Code section 2800.4, which

3

the court stayed pursuant to Penal Code section 654.  This was error.  The trial court must impose a full-term sentence for this count and then stay execution of the sentence. (*People v. Afford* (2010) 180 Cal.App.4th 1463, 1466.)

Finding no other arguable error that would result in a disposition more favorable to defendant, we will otherwise affirm the judgment.

## DISPOSITION

We remand the matter to allow the trial court to impose a full-term sentence for the violation of Vehicle Code section 2800.4.  We direct the trial court to amend the abstract of judgment to reflect this sentence.  The amended abstract shall be forwarded to the Department of Corrections and Rehabilitation.  The judgment is otherwise affirmed.


_____/s/_____
RAYE, P. J.


We concur:


_____/s/_____
MAURO, J.


_____/s/_____
DUARTE, J.

4